# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

| | |
|---|---|
| ALVIN GLOVER, ADC #601517 | * |
| Plaintiff, | * |
| v. | * |
| | *   No. 5:13CV00065-SWW-JJV |
| RAY HOBBS; *et al.*, | * |
| Defendants. | * |

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3.  The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

## **DISPOSITION**

Pending are Defendants' Motions for Judgment on the Pleadings (Doc. Nos. 16, 27). Plaintiff has responded (Doc. Nos. 20, 26). Defendants state that Plaintiff's claims fail to state a cause of action on which relief can be granted and should be dismissed.

## I. LEGAL STANDARD

When deciding a motion for judgment on the pleadings,[1] the "court must accept as true all factual allegations set out in the complaint, and must construe the complaint in the light most favorable to the plaintiff, drawing all inferences in his favor."[2] A court may grant a motion for judgment on the pleadings "only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law."[3]

---

[1] A motion for judgment on the pleading, under FRCP 12(c) and 12(b)(6) require the same review from a court. See *Ginsburg v. InBev NV/SA*, 623 F.3d 1229, 1233 n.3 (8th Cir. 2010).

[2] *Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006).

[3] *Id.*

## II. BACKGROUND

The facts, as set out in Plaintiff's Complaint, are that in November 2012, Plaintiff had "pain and irregularity" on his tongue and went to see the prison doctor, Dr. Hunter Carrington,[4] who noted that Plaintiff just had bumps on his tongue and "did not treat the problem." Plaintiff's condition persisted, and he returned to Dr. Carrington in January 2013. At that time, the doctor diagnosed Plaintiff with geographic tongue, but did not do anything to treat the problem.

Plaintiff filed a grievance and Chief Bolin told Plaintiff he was not going to bring in another doctor in for a second opinion. Plaintiff contends that he's suffered "great pain and humiliation" due to the prison doctor not treating the condition and because Chief Bolin would not allow Plaintiff to get a second opinion.

## III. DISCUSSION

To succeed on his claims, Plaintiff must establish both that he suffered from a serious medical need and that Defendants were deliberately indifferent to this serious medical need.[5]

Here, Plaintiff complained of discomfort with his tongue and twice was seen by the prison doctor. At the second appointment, the doctor diagnosed Plaintiff with geographic tongue. The doctor "did not treat the problem" on either visit.

### A. Serious Medical Condition

"Because society does not expect that prisoners will have unqualified access to health care, deliberate inderence to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'"[6] "A serious medical need is 'one that has been diagnosed by a physician as

---

[4]Dr. Hunter Carrington was incorrectly sued as Dr. C. Hunter. (Doc. No. 27 at 1.)

[5]*Santiago v. Blair*, 707 F.3d 984, 990 (8th Cir. 2013).

[6]*Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'"[7] If the medical condition does not create "excessive risk to the inmate's health," the inmate has "no constitutional right to receive a particular or requested course of treatment, and prison doctors remain free to exercise their independent medical judgment."[8]

According to the National Institute of Health website,[9] geographic tongue has no known cause but could be a result of vitamin B deficiency or irritation from hot or spicy foods, or alcohol. The symptoms are patches or sores on the surface of the tongue and "soreness and burning pain (in some cases)."[10] The website indicates that "[n]o treatment is needed, but antihistamine gel or steroid mouth rinses may help with discomfort."[11]

While Plaintiff may be uncomfortable, it is clear that geographic tongue does not rise to the level of a serious medical need. This finding is bolstered by the fact that, according to NIH, no treatment is needed -- which is consistent with the prison doctor's actions.

B.     **Deliberate Indifference**

Even assuming that Plaintiff's condition qualified as a serious medical need, he has alleged no facts that would amount to deliberate indifference. Plaintiff was twice permitted to see the prison doctor for his ailment and both times the doctor determined that the appropriate course of treatment was to, basically, "ride it out." Although antihistamine gel or steroid mouth rinses are a treatment

---

[7]*Santiago*, 707 F.3d at 990.

[8]*Dulany v. Carnahan*, 132 F.3d 1234, 1240 (8th Cir. 1997).

[9]On June 28, 2013, the Court notified Plaintiff that it would consult the NIH website regarding his medical condition (Doc. No. 21). Plaintiff indicated he had no objection to the information on the website or the Court's reference to it (Doc. No. 26).

[10]Doc. No. 21-1.

[11]*Id.*

4

option, they are not required, and in this instance, the prison doctor determined that they were not necessary.

"[A] prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation."[12] "The prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation."[13]

Even when the facts are viewed in the light most favorable to Plaintiff, they do not amount to deliberate indifference. At best, Plaintiff's facts set out his disagreement with the prison doctor's treatment decisions.

## C. Refusal of a Second Opinion

Based on the facts of this case, Chief Bolin's decision to deny a second opinion does not create a cognizable constitutional violation. "Prison officials lacking medical expertise are entitled to rely on the opinions of medical staff regarding inmate diagnosis and the decision of whether to refer the inmate to outside doctors or dentists."[14] Here, the prison doctor determined that no treatment was necessary, and Chief Bolin relied on this opinion and determined that no second opinion was needed.

## IV. CONCLUSION

Based on the findings of fact and conclusions of law above, it is RECOMMENDED that:

1. Defendants' Motions for Judgment on the Pleadings (Doc. Nos. 16, 27) be GRANTED and this case be DISMISSED with prejudice.

---

[12]*Nelson v. Shuffman*, 603 F.3d. 439, 449 (8th Cir. 2010) (quoting *Taylor v. Bowers*, 966 F.2d 417, 421 (8th Cir. 1992).

[13]*Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).

[14]*Holden v. Hirner*, 663 F.3d 336, 343 (8th Cir. 2011).

5

2. The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 8th day of August, 2013.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE